1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

8  IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION

Case No. 09md2087 BTM(CAB)

9

10  DEWAYNE AUSTIN, an individual; JOSELYN HARDWICK, an individual; HEATHER PYLE, an individual; CARL QUICK, JR.,, an individual,

11

12

Plaintiffs,

13          v.

14  MUSCLETECH RESEARCH AND DEVELOPMENT, INC., et al.,

15

16

Defendants.

Case No. 10cv2269 BTM(CAB)

**ORDER DENYING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO AMEND COMPLAINT**

17

18      Defendants have filed a motion to dismiss Plaintiffs' Complaint for failure to state a

19  claim.   Plaintiffs have filed a motion to file an amended complaint that adds factual

20  allegations in support of their fraud claims.  For the reasons discussed below, Defendants'

21  motion to dismiss is **DENIED**, and Plaintiffs' motion for leave to amend is **DENIED AS**

22  **MOOT**.

23                                    I.  BACKGROUND

24      On July 30, 2010, Plaintiffs filed their complaint in the Northern District of Alabama

25  (Alabama Civil Case No. 10-cv-02093-RDP).   On November 4, 2010, the case was

26  transferred to the Southern District of California as a tag-along action to the In re Hydroxycut

27  Marketing and Sales Practices multi-district litigation currently pending before the Court.

28  Upon transfer, the case was assigned a separate civil case number in the Southern District

of California (Case No. 10cv2269 BTM(CAB)).

Plaintiff Dewayne Lee Austin is a resident of New Mexico.  Plaintiff Joselyn A. Hardwick is a resident of Alaska.  Plaintiff Heather Pyle is a resident of Arkansas.  Plaintiff Carl Quick, Jr. is a resident of Wyoming.  According to the Complaint, Plaintiffs purchased certain Hydroxycut products and suffered physical injury as a result of the consumption of such products.

Plaintiffs assert the following claims against the defendants:  (1) negligence/wantonness; (2) product liability; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) breach of implied warranty of fitness for particular purpose; (8) unjust enrichment; and (9) fraud and misrepresentation.

After Defendants filed their motion to dismiss, Plaintiffs filed a First Amended Complaint (mislabeled "Second Amended Complaint") pursuant to a stipulation of the parties.  The First Amended Complaint ("FAC") adds new defendants as well as more factual allegations in support of Plaintiffs' fraud claim.  The Court construes the motion to apply to the FAC.

## II.  DISCUSSION

A. Fraud Claims

Defendants contend that Plaintiffs' fraud-based claims (intentional misrepresentation, negligent misrepresentation, and fraud and misrepresentation) fail because Plaintiffs have failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

Originally, Plaintiffs failed to identify what Hydroxycut product they took, when the product was consumed, what fraudulent statements or materials they relied on, how or where the misrepresentations were made, and when the fraudulent misrepresentations occurred.  In the FAC, Plaintiffs have added factual allegations remedying these defects.  (FAC ¶ 51.) The Court is satisfied that Plaintiffs have pled fraud with sufficient specificity.

Defendants argue that Plaintiff Pyle's claim for "negligent misrepresentation" must be

1   dismissed because Arkansas state law does not recognize such a cause of action.  However,

2   Arkansas recognizes a cause of action for "constructive fraud," which is "the making of

3   misrepresentations by one who, not knowing whether they are true or not, asserts them to

4   be true without knowledge of their falsity and without moral guilt or evil intent."  South County,

5   Inc. v. First Western Loan Co., 871 S.W.2d 325, 327 (Ark. 1994).  The Court will not dismiss

6   Pyle's claim merely because it is mislabeled "negligent misrepresentation."  It would be a

7   waste of time and effort to require Plaintiffs to file a new complaint for purposes of separating

8   out Pyle's claim and re-labeling it "constructive fraud."

9        Defendants also argue that Plaintiff Quick's claim for "fraud and misrepresentation"

10   should be dismissed because under Wyoming law, the "nondisclosure of information cannot

11   support a claim for misrepresentation."  Again, the issue is not whether Plaintiff has a legal

12   claim but what the precise label should be under state law.  Wyoming does recognize a

13   cause of action for fraudulent concealment.  See Throckmartin v. Century 21 Top Realty, 226

14   P.3d 793, 808 (Wyo. 2010).   Therefore, Quick has a legal basis for asserting a fraud claim,

15   and the Court denies Defendants' motion to dismiss the claim.

16

17        2.  Breach of Warranty Claims

18        Defendants contend that Pyle and Quick's' breach of warranty claims must be

19   dismissed because, under Arkansas and Wyoming law, plaintiffs are required to provide

20   notice to the defendant of any alleged breach of warranty within a reasonable time.

21        Under the U.C.C., where a tender of goods has been accepted, "the buyer must within

22   a reasonable time after he discovers or should have discovered any breach notify the seller

23   of breach or be barred from any remedy . . . ."  U.C.C. § 2-607(3)(a).  It appears that the

24   weight of authority holds that the U.C.C.'s notice requirements do not rigidly apply to

25   consumer buyers who suffered personal injuries as a result of the breach of warranty.  See,

26   e.g., Connick v. Suzuki Motor Co., Ltd., 675 N.E. 2d 584, 590 (Ill. 1996); Smith v. Stewart,

27   667 P. 2d 358, 365 (Kan. 1983); Maybank v. S.S. Kresge Co., 273 S.E.2d 681, 684-85 (N.C.

28   1981).

1    The cases cited by Defendants do not hold that plaintiffs who suffer a personal injury
2  after consuming a product must give the seller notice prior to filing suit.  Williams v. Mozark
3  Fire Extinguisher Co., 888 S.W.2d 303 (Ark. 1994), concerned a faulty fire extinguishing
4  system and did not address the applicability of the notice requirements to personal injury
5  lawsuits.  In Ogle v. Caterpillar Tractor Co.,716 P.2d 334, 343 (Wyo. 1986), the Wyoming
6  Supreme Court reasoned that to interpret the notice requirement of § 34-21-270(c)(i), W.S.
7  1977 (U.C.C. § 2-607) as not applying in personal injury cases "*might* diminish the
8  effectiveness of the notice requirement in the commercial context where it serves a useful
9  purpose."  (Emphasis added.)  However, the court did not actually reach the issue.

10    Absent specific cases stating that a consumer plaintiff in a personal injury lawsuit must
11  give the defendant seller notice of the alleged breach of warranty prior to filing suit, the Court
12  will not so hold.  Accordingly, the Court denies Defendants' motion to dismiss the breach of
13  warranty claims.

14

15                         III.  **CONCLUSION**

16    For the reasons discussed above Defendants' motion to dismiss **[09md2087 - Doc.**
17  **No. 414; 10cv2269 - Doc. No. 10]** is **DENIED**.  Plaintiffs' motion for leave to file an amended
18  complaint **[09md2087 - Doc. No. 495; 10cv2269 - Doc. No. 22]** is **DENIED AS MOOT**.
19  Defendants shall file an answer to the FAC within 20 days of the entry of this Order.
20  **IT IS SO ORDERED.**

21

22  DATED:  May 23, 2011

23

24                         Honorable Barry Ted Moskowitz
                           United States District Judge

25

26

27

28

                              4                    09md2087 BTM(CAB); 10cv2269 BTM(CAB)